**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PINNACLE ADVERTISING AND        CASE NO. 9:18-cv-81606-DMM
MARKETING GROUP, INC.,

      Plaintiff,

vs.

PINNACLE ADVERTISING AND
MARKETING GROUP, LLC,

      Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO COMPLAINT [D.E. 1][1]**

    Defendant, Pinnacle Advertising and Marketing Group, LLC ("Defendant"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint [D.E. 1], and states as follows:

**NATURE OF THE CASE**

    1.    Defendant denies the allegations contained in paragraph 1 of Plaintiff's Complaint, in that the Complaint speaks for itself.

    2.    Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

    3.    Defendant is without knowledge of the allegations contained in paragraph 3 of Plaintiff's Complaint.

    4.    Defendant denies the allegations contained in paragraph 4 of Plaintiff's Complaint.

---

[1] Defendant is filing a counterclaim substantially contemporaneous.

5.      Defendant is without knowledge of the allegations contained in paragraph 5 of Plaintiff's Complaint, therefore denied.

## PARTIES

6.      Defendant is without knowledge of the allegations contained in paragraph 6 of Plaintiff's Complaint, therefore denied.

7.      Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint. The suite number is 301.

## JURISDICTION AND VENUE

8.      Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      Defendant admits the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.     Defendant admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

## ALLEGATIONS COMMON TO ALL COUNTS

11.     Defendant is without knowledge of the allegations contained in paragraph 11 of Plaintiff's Complaint, therefore denied.

12.     Defendant is without knowledge of the allegations contained in paragraph 12 of Plaintiff's Complaint, therefore denied.

13.     Defendant is without knowledge of the allegations contained in paragraph 13 of Plaintiff's Complaint, therefore denied.

14.     Defendant is without knowledge of the allegations contained in paragraph 14 of Plaintiff's Complaint, therefore denied.

15.     Defendant is without knowledge of the allegations contained in paragraph 15 of Plaintiff's Complaint, therefore denied.

16.     Defendant is without knowledge of the allegations contained in paragraph 16 of Plaintiff's Complaint, therefore denied.

17.     Defendant is without knowledge of the allegations contained in paragraph 17 of Plaintiff's Complaint, therefore denied.

18.     Defendant is without knowledge of the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     Defendant is without knowledge of the allegations contained in paragraph 20 of Plaintiff's Complaint, therefore denied.

21.     Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.     Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint; however, Defendant admits it has received invoices.

24.     Defendant is without knowledge of the allegations contained in paragraph 24 of Plaintiff's Complaint, therefore denied.

25.     Defendant admits the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.     Defendant is without knowledge of the allegations contained in paragraph 27 of Plaintiff's Complaint, therefore denied.

28.     Defendant is without knowledge of the allegations contained in paragraph 28 of Plaintiff's Complaint, therefore denied.

29.     Defendant is without knowledge of the allegations contained in paragraph 29 of Plaintiff's Complaint, therefore denied.

30.     Defendant is without knowledge of the allegations contained in paragraph 30 of Plaintiff's Complaint, therefore denied.

31.     Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.     Defendant is without knowledge of the allegations contained in paragraph 32 of Plaintiff's Complaint, therefore denied.

33.     Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

## COUNT I - TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT §1114

35.     The Defendant realleges its responses to Paragraphs 1 through 34 above.

36.     Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

## COUNT II - UNFAIR COMPETITION UNDER THE LANHAM ACT§ l125(a)

46.     The Defendant realleges its responses to Paragraphs 1 through 34 above.

47.     Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.     Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.     Defendant denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

## COUNT III - CYBERSQUATTING UNDER THE LANHAM ACT §1125(d)

54.     The Defendant realleges its responses to Paragraphs 1 through 34 above.

55.     Defendant admits the allegations contained in paragraph 55 of Plaintiff's Complaint.

56.     Defendant admits the allegations contained in paragraph 56 of Plaintiff's Complaint.

57.     Defendant is without knowledge of the allegations contained in paragraph 57 of Plaintiff's Complaint, therefore denied.

58.     Defendant admits the allegations contained in paragraph 58 of Plaintiff's Complaint.

59.     Defendant is without knowledge of the allegations contained in paragraph 59 of Plaintiff's Complaint, therefore denied.

60.     Defendant is without knowledge of the allegations contained in paragraph 60 of Plaintiff's Complaint, therefore denied.

61.     Defendant is without knowledge of the allegations contained in paragraph 61 of Plaintiff's Complaint, therefore denied.

62.     Defendant is without knowledge of the allegations contained in paragraph 62 of Plaintiff's Complaint, therefore denied.

63.     Defendant is without knowledge of the allegations contained in paragraph 63 of Plaintiff's Complaint, therefore denied.

64.     Defendant denies the allegations contained in paragraph 64 of Plaintiff's Complaint.

65.     Defendant denies the allegations contained in paragraph 65 of Plaintiff's Complaint.

66.     Defendant denies the allegations contained in paragraph 66 of Plaintiff's Complaint.

67.     Defendant denies the allegations contained in paragraph 67 of Plaintiff's Complaint.

68.     Defendant denies the allegations contained in paragraph 68 of Plaintiff's Complaint.

69.     Defendant denies the allegations contained in paragraph 69 of Plaintiff's Complaint.

70.    Defendant denies the allegations contained in paragraph 70 of Plaintiff's Complaint.

## RELIEF REQUESTED

Defendants denies all relief sought in the wherefore clause.

## AFFIRMATIVE DEFENSES

As for its Affirmative Defenses to Plaintiff's Complaint, Defendant would show this Court the following:

## FIRST AFFIRMATIVE DEFENSE

The Defendant asserts the defense of laches.  Plaintiff was aware of Defendant's use of the purported mark no later than 2013 and the Defendant's usage of a domain began in 2014. Plaintiff made no efforts to enforce any purported rights or to make any claim until 5 years after learning of the Defendant's usage.  The Plaintiff does not have any excuse for such delay as Plaintiff was aware of Defendant and aware of Defendant's operations which included pitching the same clients on occasion.  The delay has caused an undue prejudice because, among other things, Defendant has built a brand and client base which recognizes its name and website after expending substantial resources in terms of time and money.

## SECOND AFFIRMATIVE DEFENSE

The Defendant asserts the defense of abandonment.  Plaintiff Pinnacle utilized the tradename and mark of Elevator when marketing to certain industries and clients and in doing so abandoned the mark it is seeking to enforce against Defendant.

## THIRD AFFIRMATIVE DEFENSE

The Defendant asserts the defense of unclean hands. The Plaintiff was aware of the Defendant's operations and failed to assert any rights against Defendant for 5 years.  Instead, the Plaintiff allowed Defendant to expand its brand and Plaintiff has attempted to capitalize on Defendant's efforts.

## FOURTH AFFIRMATIVE DEFENSE

The Defendant asserts the defense of consent or acquiescence. The Plaintiff was aware of the Defendant's use of its name and Defendant's operations and failed to assert any rights against Defendant for at least 5 years and for several years after Pinnacle (FL) started its website and therefore implicitly consented to Defendant's use.

## FIFTH AFFIRMATIVE DEFENSE

The Defendant asserts the defense of waiver. The Plaintiff was aware of its purported rights to the mark and domain.  Plaintiff intended to relinquish its right to the mark and domain by failing to enforce its rights and by allowing Defendant to actively grow its brand and to pursue customers without raising any issue for at least 5 years and for several years after Pinnacle (FL) started its website.

## SIXTH AFFIRMATIVE DEFENSE

The Defendant asserts the defense of estoppel. The Plaintiff was aware of its purported rights to the mark and domain and was aware of Defendant's use.  Defendant justly relied upon Plaintiff's decision not to pursue or enforce any rights related to its mark and domain.  Defendant changed position based upon Plaintiff's representation and action such that the change was detrimental to Defendant and Plaintiff should be estopped from pursuing any rights against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant asserts the defense to statute of limitations on the basis that the instant action was filed after the expiration of the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendant asserts the defense of prior use.  Defendant was the prior user of the purported marks prior to their registration in certain geographic regions.

## NINTH AFFIRMATIVE DEFENSE

The Defendant asserts the defense of good faith.  Defendant has utilized the marks and its domain in good faith.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its answer based on information obtained during the litigation.

WHEREFORE, Defendant, Pinnacle Advertising and Marketing Group, LLC, respectfully requests that judgment be entered against Plaintiff, Pinnacle Advertising and Marketing Group, Inc., and in favor of Defendant, including but not limited to an award of attorneys' fees and costs, and for any other relief the Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that on this 20th day of May, 2019, I electronically filed the foreground document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

Respectfully submitted,

**MARSHALL GRANT, PLLC**
*Counsel for Defendant*
197 South Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone: 561.361.1000
Facsimile: 561.672.7581
Email: jgrant@marshallgrant.com
         tzeichman@marshallgrant.com

By:____/s/ Joe M. Grant_____
        JOE M. GRANT
        Florida Bar No. 137758
        THOMAS. G. ZEICHMAN
        Florida Bar No. 99239

## <u>SERVICE LIST</u>

**16-01439-AJC Notice will be electronically mailed to:**

Jason S. Toscano, Esquire and Jon M. Gibbs, Esquire on behalf of Plaintiff;
james.toscano@lowndes-law.com; jon.gibbs@lowndes-law.com;
carol.anderson@lowndes-law.com, litcontrol@lowndes-law.com

Nicholas S. Lee, Esquire on behalf of Plaintiff; nlee@bdl-iplaw.com

Edward L. Bishop, Esquire on behalf of Plaintiff; ebishop@bdl-iplaw.com

Jon Michael Gibbs, Esquire on behalf of Plaintiff; jon.gibbs@lowndes-law.com

Jennifer Mozwecz; jmozwecz@srmlaw.com