UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-81606-CIV-MIDDLEBROOKS/REINHART

PINNACLE ADVERTISING AND
MARKETING GROUP, INC.,

    Plaintiff,

v.

PINNACLE ADVERTISING AND
MARKETING GROUP, LLC,

    Defendant.

## MOTION FOR CLARIFICATION REGARDING ORDER EXCLUDING TESTIMONY OF ROB WALLACE

Plaintiff Pinnacle Advertising and Marketing Group, Inc. respectfully moves for clarification of the Court's Order granting Defendant's Daubert Motion and excluding the testimony of Plaintiff's expert, Rob Wallace. (DE 232). In particular, Plaintiff requests clarification on the scope of the exclusion and its effect on rebuttal testimony from Defendant's proffered expert, Michal Malkiewicz. The parties have conferred on this issue and while they disagree regarding the effect of the Court's Order, the parties have agreed that Plaintiff should be granted leave to bring this dispute to the Court's attention notwithstanding the deadline for pretrial motions having passed on July 22, 2019 (*see* DE 32).

## BACKGROUND

On the deadline to submit its expert disclosures, Plaintiff Pinnacle Advertising and Marketing Group, Inc. produced the report of Rob Wallace, an expert in the field of branding and consumer surveys related to likelihood of confusion. On the deadline to submit its own expert disclosures and reports, Defendant Pinnacle Advertising and Marketing Group, LLC instead filed

1

a motion seeking to modify the pre-trial schedule because it had not produced a signed undertaking of its expert agreeing to be bound by the Agreed Confidentiality Order entered into between the parties until five days before the disclosures were due. *See* DE 51 (Agreed Confidentiality Order), entered at DE 53; DE 87 at p. 2-3 (explaining that the undertaking from Mr. Malkiewicz had been produced until July 11, 2019 with its disclosures being due on July 16, 2019). The Agreed Confidentiality Order requires the parties to wait ten days between producing the undertaking and disclosing any confidential or highly confidential documents to a proposed expert. (DE 51 at ¶4(d)). Because portions of Plaintiff's Expert Report and its financial document production had been designated Highly Confidential, Defendant asserted that it was unable to meet the expert disclosure deadline for Mr. Malkiewicz, who was being presented as a rebuttal witness.

Following an omnibus discovery hearing, Judge Reinhart granted Defendant's motion and extended the deadline for Defendant's expert disclosures until July 31, 2019. On that day, Defendant produced the expert report of Mr. Malkiewicz. Mr. Malkiewicz provides two categories of opinions; in Section A, Mr. Malkiewicz rebuts the findings of Plaintiff's expert, Rob Wallace; in Section B, Mr. Malkiewicz opined as to the potential damages awardable to Defendant on counterclaims that have since been dismissed. Fed. R. Civ. P. 26 requires a testifying expert to disclose "a complete statement of all opinions the witness will express and the basis and reason for them." Fed. R. Civ. P. 26(a)(2). Consistent with that Rule, Mr. Malkiewicz stated the following opinions:

- [Opinion #1] I understand that assuming Counter Defendant's legal liability, Pinnacle (IL)'s profits may be an appropriate measure of monetary relief applicable to some of Pinnacle (FL)'s counterclaims in this case.
  – Financial information produced by Pinnacle (IL) shows . . . .

- – As of the date of the analysis in this Expert Report, I was not able to evaluate profit and loss information associated specifically with Pinnacle (IL)'s activities in . . . .
- [Opinion #2] Mr. Wallace's conclusion that "the consultancies names, the survey results, and the abundant evidence of actual confusion from the most sophisticated industry sources all confirm my opinion that there is significant consumer/potential client confusion and significant confusion within the advertising industry itself between the consultancies in question" lacks proper foundation, is based on erroneous and incomplete analysis, and ignores facts of the case and realities of the advertising and marketing industry.
- [Opinion #3] Contrary to Mr. Wallace's conclusions, economic and marketing theory as well as other economic evidence support the conclusion that consumers and potential consumers are not likely to be confused by Pinnacle (FL)'s use of the accused marks.
  - – Pinnacle (IL)'s and Pinnacle (FL)'s coexistence in the marketplace prior to April 2018 and relatively minimal resulting actual consumer confusion as well as marketing and economic theory, methods with which the parties advertise and obtain customers, the sophisticated nature of the consumers, and the fragmented and location-based nature of competition in the marketing and advertising services industry, are consistent with the conclusion of no likelihood of consumer confusion, and, consequently, no economic harm to Pinnacle (IL).
  - – The Wallace Survey is critically flawed and unreliable and has no value on the issue of likelihood of confusion for a number of reasons.
  - – Contrary to Mr. Wallace's unfounded opinion and for the reasons explained below, company names in general and trademarks asserted in this case in particular do not serve as meaningful source identifiers for business generation in the largely fragmented, competitive, and relationship-based advertising and marketing industry. As a result — that is, because consumers and potential consumers are not likely to be confused by Defendant's use of the accused marks — Pinnacle (IL) has not been economically harmed as a result of the alleged trademark infringement and unfair competition.

Expert Report of Michal A. Malkiewicz at ¶17.

As Mr. Malkiewicz states, these are his opinions and "the remainder of [his] Expert Report and attached tabs describe in detail the bases and analysis underlying the above conclusions, based on the information and date presently available to me." *Id.* at ¶18.

As trial approached, both parties challenged the submission of testimony from each other's experts. Plaintiff moved to exclude Mr. Malkiewicz's damages opinions stating that 1)

3

his damages opinions all related to Defendant's counterclaims (DE 114 at p. 1); 2) Mr. Malkiewicz only calculated Defendant's purported damages under the Lanham Act pursuant to 15 U.S.C. § 1117 (*id.* at p. 1-2); and 3) none of Defendant's counterclaims arise under the Lanham Act (*id.* at p. 2).  In opposition to that motion, Defendant did not dispute the assertions in the motion or argue that a calculation under Section 1117 is appropriate for tortious interference or unjust enrichment claims; rather, Defendant merely asserted that Plaintiff should have styled its motion as a *Daubert* motion.  (DE 145).

Defendant moved to exclude Mr. Wallace's testimony arguing that 1) Defendant believed that the chosen survey format was inappropriate in this case rendering Mr. Wallace's likelihood of confusion opinions unreliable under the *Daubert* standard (DE 121 at p. 6); 2) Defendant believed that Mr. Wallace's damages opinions would be cumulative of other potential experts (*id.* at p. 10-11); and 3) Defendant believed that Mr. Wallace's opinions regarding industry standards and Defendant's apparent lack of adherence to those standards supported a finding of willfulness were unreliable or inadmissible legal conclusions (*id.* at p. 11-12).

Plaintiff opposed that Motion arguing the substance of the *Daubert* challenge (specifically noting that the expert's choices regarding the survey methodology were weight questions), noting that Mr. Wallace's damages opinions were not cumulative because the other potential experts were not being presented, and arguing that his opinions regarding willfulness were reliable and admissible.  (DE 134).  In its Reply, Defendant acknowledged that Mr. Wallace's damages opinions were not cumulative (but asserted that those opinions could be excluded for other, unidentified, reasons presented in its motion) (DE 167, p. 7); and continued to assert that Mr. Wallace's willfulness opinions were unreliable and inadmissible (*id.*).

Following the September 25, 2019 pretrial hearing, the Court granted Defendant's

4

*Daubert* motion finding that the Squirt survey format was improper. (DE 232). The Court's Order states that the motion "mainly relates to the methodology that Plaintiff's expert utilized when conducting his survey." (*Id.* at p. 4). The Court also stated that "[t]he *Ever-Ready* survey has become the preferred survey method and is especially appropriate when a senior user's mark is strong." (*Id.* at p. 5). The Court then analyzed the Squirt format survey questions utilized by Mr. Wallace and held that some of those questions were improperly leading and that the survey created an artificial marketplace. (*Id.* at p. 7-13). As to the other categories of opinions, the Court held that Mr. Wallace's stated belief that Defendant's infringement was willful (based on his expert knowledge of branding and branding industry practices) was merely conclusory without factual support. The Court thus struck that opinion and the other opinions identified at p. 6 of Defendant's motion. (*Id.* at 14). The Court did not specifically address Mr. Wallace's damages opinion but stated that "[i]t also appears that the majority of the remaining opinions are unsupported and conclusory, without any apparent foundation." (*Id.*).

## SUBJECT OF CLARIFICATION

Plaintiff understands the Court's Order to exclude Mr. Wallace's opinions drawn from the survey he conducted and his opinions regarding willfulness. While less than clear, Plaintiff also understands the Court's Order to exclude Mr. Wallace's opinions regarding damages, despite the only argument presented by Defendant having been that those opinions were cumulative of witnesses who will not be testifying. However, the parties disagree as to the effect of the Court's Order on the relevance of any testimony to be presented by Defendant's proffered rebuttal expert, Mr. Malkiewicz. Plaintiff contends that the rebuttal testimony is no longer relevant (as there is no expert to rebut) and that Mr. Malkiewicz's opinions directed toward undermining Mr. Wallace's survey and opinions would no longer serve a purpose at trial nor be

5

helpful to a jury. Defendant has stated that it still intends to present Mr. Malkiewicz as a witnesss to testify as to likelihood of confusion, laches, and Plaintiff's damages.

## **GOOD CAUSE EXISTS FOR HEARING THIS MOTION**

The Scheduling Order entered in this case (DE 31) set a deadline for all pretrial motions to be filed by July 22, 2019. As noted above, Defendant has consented to Plaintiff filing this Motion after that deadline. Moreover, good cause exists to hear this Motion after the deadline because the Court's Order on which Plaintiff is seeking clarification was not entered until September 26, 2019. Likewise, the grounds demonstrating that Mr. Malkiewicz's testimony is no longer helpful (and thus no longer admissible) did not exist until the Court struck Mr. Wallace's testimony. Accordingly, good cause exists under Fed. R. Civ. P. 16 for modifying the Scheduling Order to consider this Motion.

## **MR. MALKIEWICZ'S REBUTTAL REPORT IS NO LONGER RELEVANT AND WOULD NOT ASSIST A TRIER OF FACT**

As noted above, Mr. Malkiewicz states three opinions in his expert report. *Supra* at p. 2-3. Prior to stating those opinions, Mr. Malkiewicz described his assignment and thus the purpose of his report. Specifically, Mr. Malkiewicz stated that he was asked to:

> evaluate – under the assumption of legal liability – certain financial information produced by the parties to this lawsuit in the context of monetary relief that may be available to the [Defendant] under Count I – Tortious Interference and Count II – Unjust Enrichment of the Amended Counterclaim. Specifically, I was asked to consider monetary relief in the form of revenues or profits earned by the [Plaintiff] as a result of [Defendant]'s accusations and [Plaintiff's] sales of accused services. I was also asked to review and provide my opinions regarding analyses, conclusions, and a survey conducted in this case by Rob Wallace.

Malkiewicz Report at ¶7.

This assignment is consistent with the scope of the opinions stated by Mr. Malkiewicz in that he purports to first state an opinion regarding damages awardable to Defendant on its

counterclaims (though applies an improper legal standard in forming that opinion) and then states two opinions undermining the weight of Mr. Wallace's opinions. *Id.* at ¶17 (quoted *supra*). The first opinion is no longer relevant to this case because the Court has granted summary judgment in Plaintiff's favor on Defendant's counterclaims for tortious interference and unjust enrichment. *See* Order on Plaintiff's Summary Judgment Motion (DE 221); and Order denying as moot Plaintiff's Motion in Limine to exclude Mr. Malkiewicz's opinions regarding damages (DE 223).

The only other opinions stated by Mr. Malkiewicz specifically relate to Mr. Wallace's opinions and potential testimony. Because Mr. Wallace has been excluded and can no longer testify, Mr. Malkiewicz's opinions are no longer helpful to the trier of fact and are not admissible. *See e.g.*, *Contreras v. Aventura Limousine & Transp. Serv.*, No. 12-22425-CIV, 2014 U.S. Dist. LEXIS 190740, at *8 (S.D. Fla. July 28, 2014) ("Defendants proffer Mr. Cutler's testimony to rebut Mr. Marrero's testimony. As stated, *supra*, Mr. Marrero's expert testimony is inadmissible. Consequently, Mr. Cutler's rebuttal testimony will not be helpful and is likewise inadmissible."); *see also Bowe v. Pub. Storage*, No. 14-cv-21559-UU, 2015 U.S. Dist. LESXIS 178179, at *13 (S.D. Fla. June 2, 2015) ("As Nowlis's testimony and opinions will be excluded, Plaintiff's rebuttal witness, Larry Compeau, whose opinions are directed at undermining Nowlis's conclusions, will also be excluded because they are no longer relevant.").

Here, Defendant has asserted that they intend to continue to present Mr. Malkiewicz to testify regarding the likelihood of confusion, the laches defense, and damages awardable to Plaintiff. However, Mr. Malkiewicz does not state opinions regarding these issues. In fact, Mr. Malkiewicz did not conduct a consumer survey or otherwise poll consumer sentiment regarding the likelihood of confusion. As such, any opinions he would have had regarding the likelihood

7

of confusion (absent his opinions seeking to subvert Mr. Wallace's opinions) are merely *ipse dixit*. That is, Mr. Malkiewicz does not present any methodology of his own or the results of any of his own consumer research but instead merely opines as to the propriety of the decisions made by Mr. Wallace in conducting his survey. Plaintiff does not dispute that Mr. Malkiewicz could have testified to attempt to discredit Mr. Wallace's decisions and rebut the value of his opinions, but absent his own research as to the actual market and mindset of the consumers, his opinions are not connected to any actual data relevant to this case. "Moreover, 'nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert.'" *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1111 (11th Cir. 2005) (quoting *Michigan Millers Mut. Ins. Corp. v. Benfield*, 140 F.3d 915, 921 (11th Cir. 1998)). Again, presenting Mr. Malkiewicz to rebut Mr. Wallace's testimony and stating that he believed the survey was flawed in accordance with the opinions stated and analyzed in Mr. Malkiewicz's Report would be admissible. However, the potential testimony and the opinions stated by Mr. Malkiewicz simply have no bearing anymore without Mr. Wallace's testimony.

Regarding laches, Mr. Malkiewicz simply never discusses the issue. In fact, the word "laches" never even appears in his Report. Even stepping back from the claim itself and considering the elements of laches, Mr. Malkiewicz again never states an opinion on the subject. A defense of laches under the Lanham Act is demonstrated by showing: (1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted. *Star-Brite Distrib., Inc. v. Gold Eagle Co.*, No. 14-6141-CIV-Cohn/Seltzer, 2016 WL 4470093, at *1 (S.D. Fla. Jan. 25, 2016) (citing *Kason Ind., Inc. v. Component Hardware Group, Inc.*, 120 F.3d 1199, 1203 (11th Cir. 1997)). Similar to the

term "laches," the term "delay" never appears anywhere in Mr. Malkiewicz Report. Consequently, it is simply impossible for him to have stated an opinion regarding delay or that the delay was not excusable. Likewise, the term "prejudice" only appears with regard to naming briefs related to dismissal of claims with or without prejudice . *See e.g.*, Malkiewicz Report at p. 4, n. 1 (naming Defendant Motion to Voluntarily Dismiss Counterclaims 3 and 4 without Prejudice); p. 5, n. 5 (same); Tab 2, ¶22 (same); Tab 2, ¶40 (naming the Notice of Dismissal without Prejudice in Defendant's lawsuit against JTC Holdings, LLC); and Tab 2 ¶70 (naming Plaintiff's Opposition to Defendant's Motion to Voluntarily Dismiss Counterclaims III and IV without Prejudice). Mr. Malkiewicz simply never states an opinion that Defendant has ever been prejudiced in any way.

As to damages, Mr. Malkiewicz likewise never calculated any aspect of Plaintiff's damages and thus has no admissible opinions at all. In fact, Mr. Malkiewicz specifically states that he would have to develop opinions regarding Plaintiff's damages and provide them in a subsequent report – if he were subsequently asked to prepare such a report. *See* Malkiewicz Report at ¶48 ("I understand that subsequent to this Expert Report, I may be asked to develop opinions related to Pinnacle (IL)'s damages and monetary relief sought under its claims against Pinnacle (FL)"); *see also* ¶69 ("I further understand that I may be asked to prepare an analysis – under the assumption of Pinnacle (FL)'s legal liability – responsive to Pinnacle (IL)'s anticipated August 19, 2019 submissions."). No subsequent report was ever produced. In other words, Mr. Malkiewicz never developed an opinion regarding Plaintiff's damages and certainly never disclosed those opinions or the analysis supporting those opinions in a Rule 26 Expert Report.

Rule 26 requires that experts issue a report that contain "a complete statement of all opinions the witness will express and the basis and reason for them." Fed. R. Civ. P.

26(a)(2)(B)(i). Presenting Mr. Malkiewicz to testify as to the topics discussed above (for which he never states an opinion and never conducted an analysis or provided supporting basis and reasoning) would be a direct violation of the Rule. In fact, given the complete lack of support for any of the anticipated testimony it seems likely that Defendant does not actually intend to present Mr. Malkiewicz at trial and has merely feigned that desire to force Plaintiff to file this Motion and distract it from trial preparations. In any event, because the intended testimony is completely without support in Mr. Malkiewicz Report, he cannot be allowed to testify as to those topics. The only topics actually supported by Mr. Malkiewicz Report relate to the now-dismissed counterclaims and to rebut the now-excluded testimony of Mr. Wallace.

## CONCLUSION

The only topics that are supported by Mr. Malkiewicz Report are his stated belief regarding Defendant's damages on its tortious interference and unjust enrichment counterclaims (which is no longer relevant in view of the Court granted summary judgment in Plaintiff's favor on both of those claims, and which was legally deficient to begin with); and his stated opinions that Mr. Wallace's opinions lack proper support and that the survey conducted by Mr. Wallace was improperly conducted (neither of which are relevant or helpful to a fact finder if Mr. Wallace is not testifying). In view of the above, Plaintiff respectfully seeks clarification of the Court's September 26, 2019 Order on Defendant's *Daubert* Motion clarifying whether Defendant will still be allowed to introduce its rebuttal expert in the absence of an expert to be rebutted.

>/s/ Jon M. Gibbs
>James S. Toscano (Florida Bar No. 899909)
>Jon M. Gibbs (Florida Bar No. 494534)
>LOWNDES, DROSDICK, DOSTER,
>KANTOR & REED, P.A.
>215 North Eola Drive
>Post Office Box 2809

Orlando, Florida 32802-2809  
Telephone: (407) 843-4600  
Facsimile: (407) 843-4444  
james.toscano@lowndes-law.com  
jon.gibbs@lowndes-law.com  
carol.anderson@lowndes-law.com  
litcontrol@lowndes-law.com  
*Attorneys for Plaintiff Pinnacle Advertising and Marketing Group, Inc*.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this September 27, 2019. Any other counsel of record will be served by electronic mail and/or first class mail.

*/s/ Jon M. Gibbs*