UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-81606-CIV-MIDDLEBROOKS/REINHART

PINNACLE ADVERTISING AND
MARKETING GROUP, INC.,

    Plaintiff

v.

PINNACLE ADVERTISING AND
MARKETING GROUP, LLC,

    Defendant

## PINNACLE (IL)'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. §1292(b)

Plaintiff Pinnacle Advertising and Marketing Group, Inc. ("Pinnacle (IL)") moves to amend the Court's Order of September 26, 2019, to certify for interlocutory appeal the question of whether the Eight Circuit's *Squirt* test[1] is a reliable and admissible test for determining likely confusion. Because the Court excluded the testimony of Pinnacle (IL)'s expert Rob Wallace due to the supposed unreliability of Mr. Wallace's survey performed using the *Squirt* test, the issue of the reliability and thus the admissibility of the *Squirt* test is a controlling question of law, and resolution of that question on interlocutory appeal would materially advance the ultimate resolution of this litigation. Thus, Defendants respectfully request that the Court grant Pinnacle (IL) permission to appeal under 28 U.S.C. § 1292(b). Pinnacle (IL) also requests that the Court stay proceedings in this action pending the appeal.

---

[1] *SquirtCo. v. Seven-Up Co.*, 628 F.2d 1086 (8th Cir. 1980).

**I.       STANDARD FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL**

Courts may approve the interlocutory appeal of an order not otherwise appealable when (1) the order involves a "controlling question of law," (2) there is a "substantial ground for difference of opinion" concerning the legal question, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The decision to permit an interlocutory appeal under § 1292(b) is within the district court's discretion. See *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995).

      A.       The Order Involves A Controlling Question Of Law

There can be no doubt that the Order involves a controlling question of law. A controlling question of law is one that determines the outcome or future course of the litigation. *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991). The reliability and admissibility of surveys performed using the *Squirt* test and the exclusion of Mr. Wallace's survey and testimony based on such test obviously impacts Pinnacle (IL)'s ability to present its case at trial, thereby effecting the course of this litigation and its potential outcome.

      B.       There Is A Substantial Ground For Difference Of Opinion

An interlocutory appeal under § 1292(b) is also warranted because "a substantial ground for difference of opinion" exists with respect to the reliability of *Squirt* surveys. As the Court itself has acknowledged, the Eleventh Circuit has not addressed the issue of the reliability and thus the admissibility of surveys conducted using the *Squirt* test. The Court has also stated the other federal appellate courts have found surveys employing the Eighth Circuit's *Squirt* test unreliable. Thus, a substantial ground for a difference of opinion as to the Squirt test's reliability and admissibility exists.

      C.      An Immediate Appeal Of The Order Would Materially
Advance The Ultimate Termination Of This Litigation

An interlocutory appeal resolving the issue of the *Squirt* test's reliability would, if decided in Pinnacle (IL)'s favor, advance the ultimate termination of the litigation, as it would obviate the need for an appeal on the issue after the trial, and would prevent a remand to the Court to re-try this case should Pinnacle (IL) prevail on the issue. In view of the potential for reversible error that would require a full appeal after trial, and a remand for a re-trial, a stay pending resolution of the interlocutory appeal is appropriate.

## II. CONCLUSION

Pinnacle (IL) respectfully requests that the Court amend its September 26, 2019 Order to state that the Order involves a controlling question of law regarding the reliability and admissibility of surveys performed using the *Squirt* methodology of as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Pinnacle (IL) also requests that the Court stay proceedings in this case pending outcome of the appeal.

DATED: September 27, 2019                              Respectfully Submitted,

                                                     */s/ Jon M. Gibbs*
James S. Toscano (Florida Bar No. 899909)
Jon M. Gibbs (Florida Bar No. 494534)
LOWNDES, DROSDICK, DOSTER,
KANTOR & REED, P.A.
215 North Eola Drive
Post Office Box 2809
Orlando, Florida 32802-2809
Telephone: (407) 843-4600
Facsimile: (407) 843-4444
james.toscano@lowndes-law.com
jon.gibbs@lowndes-law.com
carol.anderson@lowndes-law.com

          litcontrol@lowndes-law.com
*Attorneys for Plaintiff Pinnacle Advertising and Marketing Group, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this September 27, 2019. Any other counsel of record will be served by electronic mail and/or first class mail.

          */s/ Jon M. Gibbs*