# EXHIBIT B

```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2
                      Case No. 18-81606-CIV-DMM
 3
     PINNACLE ADVERTISING AND       )
 4   MARKETING GROUP, INC.,         )
                                    )
 5        PLAINTIFF,                )
                                    )
 6        -v-                       )
                                    )
 7   PINNACLE ADVERTISING AND       )
     MARKETING GROUP, LLC,          )
 8                                  )
          DEFENDANT.                )   West Palm Beach, Florida
 9                                  )   October 1, 2019
     _____)
10

11                   VOLUME 2 - PAGES 1 - 278

12             TRANSCRIPT OF JURY TRIAL PROCEEDINGS

13         BEFORE THE HONORABLE DONALD M. MIDDLEBROOKS

14                   UNITED STATES DISTRICT JUDGE

15

16   Appearances:

17   (On Page 2.)

18
     Reporter                    Stephen W. Franklin, RMR, CRR, CPE
19   (561)514-3768               Official Court Reporter
                                 701 Clematis Street
20                               West Palm Beach, Florida 33401
                                 E-mail:  SFranklinUSDC@aol.com
21

22

23

24

25
```

```
 1  Appearances:

 2  FOR THE PLAINTIFF            Nicholas S. Lee, ESQ.
                                 Bishop, Diehl & Lee, Ltd.
 3                               1750 East Golf Road, Suite 390
                                 Schaumburg, IL 60173
 4  -and-
                                 Edward L. Bishop, ESQ.
 5                               Bishop, Diehl & Lee, Ltd.
                                 1750 East Golf Road, Suite 390
 6                               Schaumburg, IL 60173
    -and-
 7                               Benjamin A. Campbell, ESQ.
                                 Bishop, Diehl & Lee, Ltd.
 8                               1475 East Woodfield Road
                                 Suite 800
 9                               Schaumburg, IL 60173
    -and-
10                               James S. Toscano, ESQ.
                                 Lowndes, Drosdick, Doster,
11                               Kantor & Reed, P.A.
                                 215 North Eola Drive
12                               Orlando, FL  32801

13  FOR THE DEFENDANTS           Joey M. Grant, ESQ.
                                 Marshall Grant, PLLC
14                               197 South Federal Highway
                                 Suite 200
15                               Boca Raton, FL 33432
    -and-
16                               Thomas G. Zeichman, ESQ.
                                 Marshall Grant, PLCC
17                               197 South Federal Highway
                                 Suite 200
18                               Boca Raton, FL 33432
    -and-
19                               Jennifer Mozwecz, ESQ.
                                 Shams, Rodriguez & Mozwecz, P.C.
20                               150 North Michigan Avenue
                                 8th Floor
21                               Chicago, IL 60601
    -and-
22                               Adam D. Marshall, ESQ.
                                 Marshall Grant, PLCC
23                               197 South Federal Highway
                                 Suite 200
24                               Boca Raton, FL 33432

25                                    * * * *
```

```
 1            (Call to the order of the Court.)
 2                THE COURT:  Good morning.  Please be seated.
 3                We're awaiting one juror.  Thank you for getting the
 4   jury instructions in?  And those are agreed, right?
 5                MR. GRANT:  Yes, Your Honor, they are agreed except
 6   for one jury instruction relating to the expert witness.
 7                THE COURT:  Okay.
 8                MR. BISHOP:  Right.  We were still arguing with
 9   regard to the expert witness, and we still have that issue
10   whether or not the report should come -- not the report
11   itself, but whether he should testify and what the extent of
12   that testimony should be.
13                THE COURT:  You talking which expert?  Their expert?
14                MR. BISHOP:  Their expert.
15                We talked about it last night.  We asked for some
16   redactions to that report to see what was left now.  And that
17   was the problem, because now that we saw this left, all there
18   is is filler in their report.  We asked him what he was going
19   to testify to.  He definitely can't testify with regard to
20   Wallace and his exclusion, and we're afraid that he -- they
21   might bring that issue up.  It was in their report last night,
22   and it's still entitled to -- it's called a rebuttal report,
23   so we don't want --
24                THE COURT:  All right.  Well, I haven't seen this.
25   Whatever he did before was -- must have been sealed or not
```

```
 1   A     "No."
 2   Q     So now are you saying that you recall -- you have
 3   received invoices for Pinnacle Illinois?
 4   A     When I get invoices and it's not my client, I throw out
 5   the invoices.  I'm not looking to see who it's meant to go
 6   for.
 7   Q     So you throw out the invoices that are not meant for your
 8   company, right?
 9   A     Exactly.
10   Q     And do you tell the vendors that you -- they sent you the
11   wrong invoices?
12   A     No.
13   Q     Do you tell anyone at the company that you receive
14   invoices that were meant for somebody else?
15   A     Recently since the lawsuit, yes, I give them back to
16   someone by the name of Mindy.
17   Q     And do you know what Ms. Lee does?
18   A     Excuse me?
19   Q     Who's Mindy?
20   A     Oh, that's Pete's assistant.
21   Q     And her full name is Mindy Lee?
22   A     Yes.
23   Q     And do you know what Ms. Lee does with the invoices that
24   you hand her?
25   A     No idea.
```

```
 1   Q     And when -- when were you and Mr. Hawthorne on the
 2   mountain drinking apple pie moonshine?
 3   A     In August of 2009.
 4   Q     Okay.  Do you recall when Pinnacle Florida first
 5   registered as a business with the State of Florida?
 6   A     It was in 2010.
 7              MR. ZEICHMAN:  Okay.  I'd like to introduce
 8   defendant's exhibit 58, which is unobjected to.
 9              THE COURT:  Fifty-eight's admitted without
10   objection.
11         (Defendant's Exhibit No. 58 entered into evidence.)
12   BY MR. ZEICHMAN:
13   Q     Mr. Gary, do you recognize this document?
14   A     I do.
15   Q     And what is this document?
16   A     The articles of incorporation for a limited liability.
17   Q     And this is for what we've called throughout this trial
18   Pinnacle Florida?
19   A     Yes.
20   Q     And at the bottom, it says Peter F. Gary.  Is that your
21   name?
22   A     It is.
23   Q     Okay.  And the date of this document?
24   A     July of 2010.
25   Q     Thank you.
```

```
 1   Q     So that is your handwritten signature, correct?
 2   A     Yes.
 3   Q     So your response to the interrogatory is inconsistent
 4   with your testimony today that it was Mr. Hawthorne who came
 5   up with the name?
 6   A     I don't know how it's inconsistent.
 7   Q     PX72 is defendant's response to plaintiff's first set of
 8   request for admissions, and in particular, looking at
 9   number 12:  Admit that Pinnacle Florida is a direct competitor
10   of Pinnacle Illinois.
11              And your answer is:  Deny.  Correct?
12   A     Yes.
13   Q     And that's accurate, correct?
14   A     Yes.
15   Q     So if you believe that the parties are not competitors,
16   and if your position is that our client knew you in 2013, why
17   do you believe that our client should have sued you?
18   A     I don't believe your client -- my client -- your client
19   should have sued me.
20   Q     And it's been your position and your attorney's position
21   that clients are -- customers in this industry are
22   sophisticated, right?
23   A     Yes.
24   Q     And you agree with that?
25   A     Yes.
```

```
 1   Q    But you testify that even though that clients are
 2   sophisticated, those who attend the trade shows would believe
 3   that Pinnacle Illinois, or Pinnacle Advertising and Marketing
 4   Group, Inc., is Pinnacle Advertising and Marketing Group, LLC,
 5   right?
 6   A    Can you repeat that?
 7   Q    Well, let me read it for you.
 8             This was July 11, 2019, deposition transcript
 9   wherein the question was:  And based on the efforts -- it
10   starts on line 5 and says:
11             And based on the effort that Pinnacle Florida
12   provides at those shows, people will recognize Pinnacle
13   Illinois as Pinnacle Florida?
14             And you answer:  Correct.
15             And the question was:
16             Despite the fact that --
17   A    Excuse me.  Can you expand that a little bit?
18   Q    Do you need glasses?
19   A    No, expand it so that you zoom it out so I can see above
20   it.
21             Thank you.
22   Q    So subsequent -- the following question starts on line 9:
23             Despite the fact that these people who attend the
24   trade shows are sophisticated, right?
25             And you answer:  That doesn't matter.  All they are
```