# EXHIBIT H

```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2
                        Case No. 28-81606-CIV-DMM
 3
     PINNACLE ADVERTISING AND      )
 4   MARKETING GROUP, INC.,        )
                                   )
 5        PLAINTIFF,               )
                                   )
 6        -v-                      )
                                   )
 7   PINNACLE ADVERTISING AND      )
     MARKETING GROUP, LLC,         )
 8                                 )
          DEFENDANT.               )   West Palm Beach, Florida
 9                                 )   September 25, 2019
     _____)
10

11             TRANSCRIPT OF CALENDAR CALL PROCEEDINGS

12          BEFORE THE HONORABLE DONALD M. MIDDLEBROOKS

13                   UNITED STATES DISTRICT JUDGE

14

15   Appearances:

16   (On Page 2.)

17

18   Reporter                      Stephen W. Franklin, RMR, CRR, CPE
     (561)514-3768                 Official Court Reporter
19                                 701 Clematis Street
                                   West Palm Beach, Florida 33401
20                                 E-mail:  SFranklinUSDC@aol.com

21

22

23

24

25
```

```
 1   Appearances:

 2   FOR THE PLAINTIFF            Nicholas S. Lee, ESQ.
                                  Bishop, Diehl & Lee, Ltd.
 3                                1750 East Golf Road, Suite 390
                                  Schaumburg, IL 60173
 4   -and-
                                  Edward L. Bishop, ESQ.
 5                                Bishop, Diehl & Lee, Ltd.
                                  1750 East Golf Road, Suite 390
 6                                Schaumburg, IL 60173
     -and-
 7                                Benjamin A. Campbell, ESQ.
                                  Bishop, Diehl & Lee, Ltd.
 8                                1475 East Woodfield Road
                                  Suite 800
 9                                Schaumburg, IL 60173

10   FOR THE DEFENDANTS           Joey M. Grant, ESQ.
                                  Marshall Grant, PLLC
11                                197 South Federal Highway
                                  Suite 200
12                                Boca Raton, FL 33432
     -and-
13                                Thomas G. Zeichman, ESQ.
                                  Marshall Grant, PLCC
14                                197 South Federal Highway
                                  Suite 200
15                                Boca Raton, FL 33432

16                                * * * * *

17

18

19

20

21

22

23

24

25
```

```
 1              (Call to the order of the Court.)
 2              THE COURT:  Good afternoon, please be seated.
 3              This is the case of Pinnacle Advertising and
 4    Marketing Group, Inc., versus Pinnacle Advertising and
 5    Marketing Group, LLC.  The case number is 18-81606.
 6              Could we have appearances.
 7              MR. LEE:  Good afternoon, Your Honor.  Nicholas Lee
 8    on behalf of the plaintiff.
 9              THE COURT:  Good afternoon.
10              MR. BISHOP:  Good afternoon, Your Honor.  Edward
11    Bishop on behalf of the plaintiff, and we also have Benjamin
12    Campbell.  He is in the process of filing a pro hac.  We
13    expect it to come today.
14              THE COURT:  All right.  Good afternoon.
15              MR. GRANT:  Good afternoon, Your Honor.  Joe Grant
16    on behalf of the defendant.
17              MR. ZEICHMAN:  Good afternoon, Your Honor.  Tom
18    Zeichman on behalf of the defendant.
19              THE COURT:  All right.  Well, good afternoon to all
20    of you.
21              So you've been unable to resolve your case; is that
22    right?
23              MR. GRANT:  That's correct, Your Honor.  We have not
24    been able to resolve the case.
25              MR. BISHOP:  That would be fair to say, Your Honor.
```

```
 1   operated, where there might be an -- a vendor invoice or
 2   somebody that has applied for a job.
 3           There's no evidence of a client or a customer being
 4   confused, where they're wondering, hey, am I hiring the wrong
 5   Pinnacle.  I mean, every one of the instances that have come
 6   out through discovery is simply someone typing -- sending an
 7   invoice to the wrong address.  Those are isolated situations.
 8   But I would argue that that's not actual client confusion.
 9   There's no confusion in the marketplace.
10           THE COURT:  Well, isn't it a problem for both of
11   you?  Apparently, your e-mail addresses are
12   pinnacleadvertising.com and pinnacleadvertising.net, aren't
13   they?
14           MR. GRANT:  There's like a hyphen in their -- the
15   domain name.  I know it's close.
16           THE COURT:  I mean, they're almost identical, it
17   seems like.
18           MR. GRANT:  There is both the similarity in domain
19   names in terms of --
20           THE COURT:  Why do you want that situation to
21   persist?
22           MR. GRANT:  Because it's difficult to rebrand and
23   pick a new name after you have invested as much as my client
24   has in building the brand.  When you spend years developing,
25   and especially in the South Florida and across -- going to all
```

```
 1   these trade shows and dealer association meetings and
 2   promoting your brand, to then be forced to rebrand because you
 3   have the other side that knows you're in existence -- that's
 4   one of our defenses is latches.  There's going to be evidence
 5   through testimony that comes out regarding how long they knew.
 6   They sat to it, and they did nothing to enforce even their
 7   common law trademark rights.  They waited to register the
 8   actual trademark, and, you know, our argument is that years
 9   went by.  This isn't something that happened immediately.
10            So, yeah, you have some isolated incidences of a
11   vendor here or there, but it certainly doesn't give rise to a
12   substantial amount of damages, or like I said, a lot of
13   confusion in the marketplace.  People aren't confused about
14   who they're dealing with.  People hire or companies hire these
15   two clients based on personal relationships and referrals.
16   It's not done by looking on a web browser and clicking a
17   button that you're purchasing advertising.
18            THE COURT:  Are the services similar?
19            MR. GRANT:  There is an overlap of services.
20            THE COURT:  What do you -- I mean, what are the
21   service these companies do?
22            MR. GRANT:  Well, it's pretty comprehensive.
23   Advertising and marketing.  You can produce digital media.
24   You can produce, you know, television commercials.  There's
25   website with -- assisting clients with promoting their
```